UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

NORMAN F. WRIGHT,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )       No.:    2:16-CV-78-TAV-MCLC
                                     )
HAWKINS COUNTY JAIL                  )
MEDICAL DEPARTMENT,                  )
                                     )
            Defendant.               )

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. §

1983 [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], and a motion to appoint

counsel [Doc. 3]. It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff

lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. §

1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. For the

reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for

failure to state a claim upon which relief may be granted. As such, Plaintiff's motion to appoint

counsel [Doc. 3] will be **DENIED as moot**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner

complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim

for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and

1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated

by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v.

Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§

1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule

12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his complaint, signed March 16, 2016, Plaintiff alleges that on three occasions, two in 2014 and one beginning on February 11, 2015, officers in the Hawkins County Jail placed him in an unsanitary cell that had no toilet, but rather a drain for urination, while he was sick from delirium tremors, shaking and hallucinating, and suffering from rheumatoid arthritis [Doc. 2 p. 3–4, 8]. Plaintiff also asserts that he cannot walk, stand, or climb [*Id.* at 4].

2

Plaintiff sets forth no other details regarding his first incarceration [*Id.*].

As to his second incarceration in Hawkins County Jail that began on November 19, 2014, Plaintiff alleges that he was placed in the same unsanitary cell for a few days before being moved into a single cell and that his condition quickly deteriorated to life threatening due to delirium tremors and hallucinations [*Id.* at 3–4].

As to his third incarceration in Hawkins County Jail that began on February 11, 2015, and continued until April 24, 2015, [1] Plaintiff alleges that he spent at least one week in the unsanitary booking cell, during which time guards would bang on his cell door occasionally, but there was no one to notify about his medical needs [*Id.* at 4]. Plaintiff also states that "they" knew of his deteriorating condition because it was obvious, but did nothing [*Id.*].

Plaintiff further asserts that, at an unspecified point during this 2015 incarceration, he fell from his bunk and injured his ankle and that he had to beg for two hours to get an ice pack from the officers [*Id.* at 4–5]. Plaintiff states that there were no medical providers on duty that night, and that, while officers said that they would leave a message for the nurse, nothing ever happened [*Id.* at 5].

Plaintiff additionally alleges that, during his 2015 incarceration, he was placed in protective custody because of his charges[2] and that he was on lockdown twenty-three hours a day, but sometimes only got fifteen minutes out because of threats of violence from other inmates [*Id.* at 5]. Plaintiff further states that he does not have computer skills and that, as far as he knows, that was the only way to get in touch with guards that could help [*Id.*]. Plaintiff next

---

[1] Plaintiff repeatedly states that his 2015 stay in Hawkins County Jail was ninety days, but it is apparent from the dates Plaintiff provides for the beginning and end of the stay [Doc. 2 p. 4, 6, 7] that it was seventy-two days.

[2] The charges against Plaintiff include failure to register as a sex offender [Doc. 2 p. 4].

3

asserts, however, that he passed numerous notes to administrative staff, medical staff, and the Sheriff on a daily basis, and that, in these notes, he sought to be moved to a special needs facility [*Id.*].

Plaintiff also states that he sent at least 65-70 notes to all levels of staff, with most of the notes being sent to the Sheriff, about the medical department's failure to provide qualified healthcare personnel, housing of him and other mentally ill inmates in segregation, and failure to transfer him to appropriate facilities [*Id.* at 6–7]. Plaintiff additionally alleges that he was suffering from various pains due to his rheumatoid arthritis, that he has liver damage, that he lost a significant amount of weight in a short period of time, that he was diagnosed with lupus just before he was incarcerated on February 11, 2015, that he has titanium hinges holding his jaw together that would cost $45,000 to replace, and that he has mental health issues for which he needs medical and evaluations such that he should have been sent to the state hospital [*Id.* at 5–6]. Plaintiff further asserts that the failure to treat his obvious conditions resulted in further damage, infliction of pain, and loss of physical and mental functions [*Id.* at 6].

Plaintiff also claims that, after he was released from Hawkins County Jail on approximately April 24, 2015, he could only walk a block before "trying to rest" and that he overdosed on pills and alcohol three hours after he was released [*Id.* at 7]. Plaintiff further states that Hawkins County has a hold on him and he does not want to be returned there, as damage has been done and he fears for his life [*Id.*].

The only entity Plaintiff has sued is the Medical Department of Hawkins County Jail [*Id.* at 3]. As relief, Plaintiff seeks $50,000 with costs and interest, all other relief the Court deems proper, and "mental health treatment paid in full for duration" [*Id.* at 8].

4

As set forth above, Plaintiff's complaint states that it was signed on March 16, 2016 [*Id.*]. Under the prisoner "mailbox rule," a prisoner complaint is deemed filed on the day the plaintiff signed the complaint. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a pro se prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary). Further, as Congress did not provide a statute of limitations for claims arising under 42 U.S.C. § 1983, courts apply state statutes of limitations to those claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). In Tennessee, a one-year statute of limitations is applicable to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).

It appears from the complaint that Plaintiff seeks to assert various claims arising out of events at Hawkins County Jail that occurred more than a year prior to March 16, 2016, including but not limited to all claims regarding Plaintiff being housed in an unsanitary cell that had no toilet, but rather a drain for urination, while he was sick from delirium tremors at the beginning of all three of Plaintiff's incarcerations at Hawkins County Jail. As it is apparent from Plaintiff's complaint that all such stays in the unsanitary cell ended prior to March 16, 2016, with the latest ending a week after the beginning of his last incarceration on February 11, 2015, however, all such claims are barred by the applicable statute of limitations and they will therefore be **DISMISSED**.

Further, as set forth above, Plaintiff has only sued the Medical Department of Hawkins County Jail [Doc. 2 p. 3]. The medical department of a jail is not a "person" subject to suit under § 1983, however. *Hix v. Tenn. Dep't of Corrs.*, 196 Fed. App'x 350, 355 (6th Cir. 2006). Thus, the Medical Department of Hawkins County Jail will be **DISMISSED**.

5

Moreover, even if the Court liberally construes Plaintiff's complaint as attempting to assert claims against Hawkins County arising out of any acts and omissions of the medical staff of Hawkins County Jail, Plaintiff has set forth no facts from which the Court could plausibly infer that any custom or policy of the municipality caused any alleged violations of Plaintiff's constitutional rights by the medical department. Accordingly, any such claim would fail as a matter of law. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

Because Plaintiff is an inmate in the Larimer County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Larimer County, Colorado to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

Further, the Court **CERTIFIES** that any appeal from this order would not be taken in good faith and the Court will therefore **DENY** Plaintiff leave to appeal *in forma pauperis*.

**AN APPROPRIATE ORDER WILL ENTER**.

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE